GLD-279                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3743
_____

RACHEL WHITE,
                                 Appellant

v.

CAMDEN BOARD OF ED.; CAMDEN'S LAWYER; MR. BREY; MR. WILKINS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:12-cv-00146)
District Judge:  Honorable Mary A. McLaughlin
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
June 13, 2013
Before:  FUENTES, FISHER and VANASKIE, Circuit Judges

(Opinion filed: June 20, 2013)
_____

OPINION
_____

PER CURIAM

        Rachel White appeals pro se from the order of the United States District Court for

the Eastern District of Pennsylvania dismissing her second amended civil rights

1

complaint pursuant to 28 U.S.C. § 1915(e).  Because the appeal does not present a substantial question, we will summarily affirm the District Court's order.

I.

In 2000, White initiated an employment discrimination suit in the United States District Court for the District of New Jersey ("the District of New Jersey") against the Camden City Board of Education ("the Board"), alleging that she was not hired as a permanent teacher because of her age.  The District of New Jersey ultimately granted summary judgment in favor of the Board, and we later affirmed that judgment.  See White v. Camden City Bd. of Educ., 90 F. App'x 437 (3d Cir. 2004) (table).

Beginning in 2006, an unidentified lawyer for the Board and other individuals allegedly committed various acts against White in retaliation for her failed lawsuit. Those alleged acts included staring at White, driving by her house, calling her and hanging up, and, in one instance, directing a racial slur at her.  On January 12, 2012, White sought redress by filing a pro se complaint in the United States District Court for the Eastern District of Pennsylvania ("the District Court").  The District Court dismissed the original complaint sua sponte and without leave to amend because of improper venue and because the complaint did not comply with the pleading standards of Rule 8 of the Federal Rules of Civil Procedure.  On appeal, we summarily vacated the District Court's order and remanded the case, with instructions that the District Court grant White leave to amend her complaint.  See White v. Camden Bd. of Educ., C.A. No. 12-1387 (order entered May 1, 2012).  Although the District Court granted White leave to amend,

2

White's amended complaint also failed to comply with Rule 8. The District Court then gave White leave to file a second amended complaint, which she did in August 2012.

On August 31, 2012, the District Court dismissed White's second amended complaint pursuant to § 1915(e) after having determined that: (1) the statute of limitations for civil rights actions barred White from relief for the alleged events that occurred prior to January 12, 2010; and (2) White's timely-filed claims did not support a finding that the defendants violated her constitutional rights. White timely appeals.

II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal of White's second amended complaint. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). In conducting our review, we liberally construe White's pro se filings, see Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011), and we must accept as true the factual allegations in her second amended complaint and all reasonable inferences that can be drawn therefrom, see Tourscher, 184 F.3d at 240. We may affirm a judgment of the District Court on any basis supported by the record, Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam), and we may take summary action if an appeal does not present a substantial question, see 3d Cir. I.O.P. 10.6.

Even assuming that none of White's allegations is time-barred, we agree with the District Court that White's second amended complaint did not state any viable constitutional claims. White's invocation of the Sixth and Eighth Amendments is plainly

3

without merit. See Hannah v. Larche, 363 U.S. 420, 440 n.16 (1960) (noting that the Sixth Amendment is limited to "criminal prosecutions"); Ingraham v. Wright, 430 U.S. 651, 665-67 (1977) ("The primary purpose of the Cruel and Unusual Punishments Clause has always been considered . . . to be directed at the method or kind of punishment imposed for the violation of criminal statutes.") (quotation marks and citation omitted). White's due process claim also lacks merit because White did not allege that the state infringed upon a protected liberty or property interest. See Paul v. Davis, 424 U.S. 693, 710-11 (1976). Finally, White's retaliation claims fail because, among other reasons, she did not allege facts evidencing the requisite causal connection between the filing of her 2000 lawsuit and the alleged retaliatory acts. See Brightwell v. Lehman, 637 F.3d 187, 194 (3d Cir. 2011). The mere fact that her 2000 lawsuit preceded those acts is not sufficient to suggest a retaliatory motive, especially given that the first such act did not occur until approximately two years after that lawsuit ended. See Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 273-74 (2001) (per curiam) (requiring "very close" temporal proximity and finding that action taken 20 months after the protected activity "suggests, by itself, no causality at all").

To the extent that White sought to raise any other constitutional or federal law claims, her second amended complaint did not state facts sufficient to survive dismissal under § 1915(e). Moreover, to the extent that she sought to raise any state law claims, we need not disturb the District Court's decision because there is no indication that it would have been appropriate for the District Court to exercise supplemental jurisdiction over

4

such claims.  See Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.") (quotation marks and citation omitted).

Accordingly, the District Court did not err in dismissing White's second amended complaint, and we will summarily affirm the District Court's order.  See 3d Cir. I.O.P. 10.6.  White's motion to appoint counsel is denied.